UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

ALEXANDRIA KERCHOFER      :
                                        :     No. 2:23-CV-209
   VS.                     :
                                        :     <u>JURY TRIAL DEMANDED</u>
PERFECT SMILE DENTAL OF BEAVER :
LLC                                              :

---

## **CIVIL ACTION COMPLAINT**

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. and amendments thereto pursuant to the Pregnancy Discrimination Act of 1978 (hereinafter "PDA"). This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

### PARTIES

2. Plaintiff, Alexandria Kerchofer, is a woman who resides at 16090 Martha Street, East Liverpool, OH 43920.

3. Defendant, Perfect Smile Dental of Beaver LLC, is a corporation with a place of business located at 531 Midland

Avenue, Midland, PA 15059, which is located within this Judicial District.

    4.   Defendant employs more than 15 people.

    5.   At all times material hereto, defendant operated a dental practice in Beaver County, PA, which is located in this judicial district.

    6.   On or about November 8, 2021, plaintiff commenced employment with defendant as an EFDA dental assistant.

    7.   During the duration of her employment, her performance was satisfactory.

    8.   Plaintiff was cross trained to work in both the "back" and the "front" of the clinic.

    9.   On June 19, 2022, plaintiff notified her supervisors, Dr. Chen, Becky Romano, Jaci Lovas, that she was pregnant.

    10.   On June 19, 2022, plaintiff messaged the defendant requesting that she be allowed to move from her then present job in the back to work in the front of the clinic instead, so that she could avoid the chemicals and radiation until she was able to go to the doctor to determine if it was safe.

    11.   Plaintiff received no response to her inquiry.

    12.   On June 20, 2022, plaintiff was suddenly and without warning handed a termination letter falsely accusing her of stealing time from the defendant by changing her time records and the time card records of other employees.

13. Defendant's proffered reason for plaintiff's termination was false and mere pretext to mask the true discriminatory reason for her termination.

14. The true reason why plaintiff was terminated was because she was a pregnant woman and because she requested an accommodation for her pregnancy.

15. Defendant's actions violated the Pregnancy Discrimination Act of 1978 and Title VII of the Civil Rights Act of 1964.

16. Defendant's agents acted against plaintiff in a bigoted, willful, and malicious manner.

17. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a result of the conduct of defendant and its agents.

18. Plaintiff seeks lost pay, benefits, lost future pay, compensatory damages for pain and suffering, punitive damages, attorneys' fees and costs.

19. Defendant is responsible for the actions of its agents.

COUNT 1—PREGNANCY DISCRIMINATION

20. Plaintiff repeats paragraphs 1-19 as if more fully set forth herein.

21. By and through its conduct, Defendant violated the PDA by intentionally discriminating against plaintiff, treating

her disparately, and terminating her employment because she was pregnant.

WHEREFORE, Plaintiff demands judgment on Count 1 against defendant and damages in an amount to be determined by a jury for lost pay and benefits, pain and suffering, emotional distress, mental anguish, harm to reputation, punitive damages, costs, reasonable attorney's fees, and such other relief as the Court deems just and fair.

COUNT 2—RETALIATION

22. Plaintiff repeats paragraphs 1-21 as if more fully set forth herein.

23. By and through its conduct, Defendant violated the PDA by intentionally retaliating against plaintiff because she made a good faith request for an accommodation for her pregnancy.

WHEREFORE, Plaintiff demands judgment on Count 2 against defendant and damages in an amount to be determined by a jury for lost pay and benefits, pain and suffering, emotional distress, mental anguish, harm to reputation, punitive damages,

costs, reasonable attorney's fees, and such other relief as the Court deems just and fair.

Date:  February 8, 2023

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com (email)
Attorneys for Plaintiff